| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| David Scott Milliron | Greer Gibson Milliron |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Robert L. Flax<br>8 South Sheppard Street<br>Richmond, Va. 23221-3028  804 355-8425 | Kimberley A. Chandler<br>P.O. Box 17586<br>Richmond, Va. 23226    804 353-1849 |

| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

nondisclosure of assets, debt, income transfers to insiders
11 U.S.C. Sec 727(a)(2) and (4) and (c); 28 U.S.C. Sec. 157 (b)(2)(J)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought<br>deny discharge |
|---|

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>David Scott Milliron | BANKRUPTCY CASE NO.<br>09-36849-KRH | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District Virginia | DIVISION OFFICE<br>Richmond | NAME OF JUDGE<br>Huennekens |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>January 14,2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert L. Flax | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

Robert L. Flax
Robert L. Flax, P.C.
8 South Sheppard Street
Richmond, Va. 23221-3028
804 355-8425
804 355-9129 fax
robertflax@flaxlegal.com
VSB # 16954
Counsel for David Scott Milliron

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In Re Milliron, Greer Gibson, Debtor

Case No. 09-36849-KRH

Chapter 7

---

David Scott Milliron, Plaintiff

V.

Greer Gibson Milliron, Defendant

Adversary Proceeding No.

## COMPLAINT TO OBJECT TO DISCHARGE

The Plaintiff, David Scott Milliron, by counsel, moves the Court to deny discharge to the Defendant, Greer Gibson Milliron, on the ground that the Defendant transferred and concealed assets with the intent to hinder, delay and defraud a creditor or an officer of the estate, has transferred, removed or concealed property of the estate, failed to list all debts, and knowingly and fraudulently made a false oath or account, and for this, writes the following:

1. This is a core proceeding pursuant to 28 U.S.C. Sec. 157 (b) (2) (J).

2. The Debtor filed chapter 7 bankruptcy on October 20, 2009. Her meeting of creditors was on November 16, 2009.

3. The Debtor transferred $6,000 from her joint bank account with her husband, David Milliron, to one in the name of her mother on March 16, 2009. This was not listed in her statement of financial affairs.

4. The Debtor transferred $8,100 from her joint bank account with her husband, David Milliron, to the account of her mother on May 19, 2009. This was not listed in her statement of financial affairs.

5. The Debtor made a loan from her 401K and sold stock and deposited the total of $20,450 in her mother's account on July 20, 2009. This was not listed in her statement of financial affairs.

6. The Debtor did not list in Schedule B of her petition a security deposit that she held for a tenant of a home rented out by the Debtor and Mr. Milliron.

7. The Debtor did not list rental income. She listed $14,000 in rental income for 2007 in her statement of financial affairs. The Milliron's still own the rental real estate and receive rents from it.

8. The debtor did not list 2009 tax refunds. She received a 2008 federal tax refund of $9,676.00. Her income in 2009 was about the same, plus she had rental income.

9. The Hanover Juvenile Court determined child support on November 30, 2009. The petition had been filed on August 6, 2009. The Court determined that the Debtor's monthly income was $5,878. That is $1,000 more than the debtor wrote in her petition. She did not list this legal proceeding in her statement of her financial affairs.

10. The Juvenile Court awarded child support of $1,674 to the Debtor. The Court awarded arrearages of $5,939. The hearing was pending when she filed her petition and held her meeting of creditors. The Debtor did not write that she anticipated an increase in her income. The Debtor had deducted the child care expenses in Schedule J.

11. The Debtor did not list as an asset any unearned retainer that she deposited with her child custody and support lawyer.

12. The withdrawals by the Debtor occurred while she was in litigation with David Milliron concerning their divorce. She retained her bankruptcy lawyer on August 2, 2009. She filed pleadings for custody, visitation and support on August 6, 2009. She moved out of the marital residence on August 15, 2009.

13. She admitted to the transactions listed in paragraphs 3 and 4 during a Juvenile Court proceeding on November 30, 2009.

14. She admitted in a meeting with Mr. Milliron's lawyer on September 9, 2009 that she withdrew funds from her 401K.

15. The Debtor's transfers of funds were made with the intent to defraud, hinder and delay the Chapter 7 Trustee in his administration of her bankruptcy estate and David Milliron in his efforts to determine marital assets in which he has an interest.

16. The Debtor did not list a credit card debt as a creditor in her petition.

17. The Debtor made a false oath in connection with her bankruptcy in that she knowingly did not list the above assets, income, debt and legal proceeding.

Wherefore, the Plaintiff, David Scott Milliron, by counsel, moves the Court to deny a discharge to the Debtor pursuant to 11 U.S.C. Sec 727 (a) (2) and (4).

Respectfully submitted,

DAVID SCOTT MILLIRON

By

/s/ Robert Flax

_____

Robert L. Flax
Counsel for David Scott Milliron
Robert L. Flax, P.C.
8 South Sheppard Street
Richmond, Va. 23221-3028
804 355-8425
804 355-9129 fax
robertflax@flaxlegal.com
VSB # 16954

Crown Banking

02   1010050629776  072  30      0  15     SAFEKEPT    Replacement Statement        007

## Interest

| | |
|---|---|
| Number of days this statement period | 31 |
| Annual percentage yield earned | 0.05 % |
| Average interest balance | $3,671.79 |
| Interest earned this statement period | $0.16 |
| Interest paid this statement period | $0.16 |
| Interest paid this year | $0.41 |

### Interest Rate Summary

| Dates | Rate % | Dates | Rate % | Dates | Rate % |
|---|---|---|---|---|---|
| 2/21 - 3/23 | 0.05 | | | | |

## Checks

| Number | Amount | Date | Number | Amount | Date | Number | Amount | Date |
|---|---|---|---|---|---|---|---|---|
| 2329 | 842.00 | 3/12 | 88888* | 6,000.00 | 3/17 | | | 6252618870 5557838670 |
| 2476* | 842.00 | 3/19 | Total | $7,684.00 | | | | 6758029060 |

*4011027085*

*Indicates a break in check number sequence

## Other Withdrawals and Service Fees

| Date | Amount | Description | |
|---|---|---|---|
| 2/23 | 5.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 2/23 | 20.48 | PURCHASE     GINO'S RISTORANTE     02/21<br>4828571068807     GLEN ALLEN  VA 7058V231205 | 200902211216000 |
| 2/23 | 31.50 | PURCHASE     WAWA 696     0000     02/20<br>4828571068807     RICHMOND    VA 7058V206370 | 200902201102000 |
| 2/23 | 73.70 | PURCHASE     TARGET     0001     02/22<br>4828571068807     GLEN ALLEN  VA 7058V270910 | 200902222157000 |
| 2/23 | 145.56 | PURCHASE     COSTCO WHSE #00205 0990 02/21<br>GLEN ALLEN  VA 7058I427322 | 200902211355280 |
| 2/23 | 730.00 | AUTOMATED DEBIT GMAC MORTGAGE     ONLINE PMT<br>CO. ID. 9500000000 090223 WEB<br>MISC CKF852722497POS | 420090548223021 |
| 2/24 | 2.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 2/24 | 20.00 | PURCHASE     CATHY NAILS     02/22<br>4828571068807     GLEN ALLEN  VA 7058V240040 | 200902221623000 |
| 2/24 | 527.55 | AUTOMATED DEBIT WF LOAN/LINE     AUTO PAY<br>CO. ID. SHAW990650 090224 PPD | 420090551236518 |
| 2/25 | 2.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 2/25 | 2.43 | PURCHASE     CAPITAL ONE-K13002     02/23<br>4828571068807     GLEN ALLEN  VA 7058V282352 | 200902230833000 |

Other Withdrawals and Service Fees continued on next page.

WACHOVIA BANK, N.A. ,  TELEPHONE ACCESS CAPITAL VA                    page 2 of 7


www.firstmarketbank.com

Last statement: March 16, 2009          Page 1 of 1
This statement: March 23, 2009          4011535186
Total days in statement period: 8        (0)

Direct inquiries to:
1-888-242-0971

MARGARET B GIRAGOSIAN
10423 CEDAR LN                   First Market Bank
GLEN ALLEN VA 23059              2001 Maywill St, Suite 205
                                 Richmond VA 23230

DID YOU KNOW THAT FIRST MARKET BANK E-STATEMENTS HELP SAVE PAPER,
TIME AND GAS? GO GREEN WITH FIRST MARKET BANK. CALL US AT
1-888-242-0971 TO SIGN UP FOR E-STATEMENTS.

Free Checking

| Account number | 4011535186 | Beginning balance | $0.00 |
|---|---|---|---|
| Average balance | $10,000.00 | Total additions | 10,000.00 |
| | | Total subtractions | .00 |
| | | Ending balance | $10,000.00 |

CREDITS

| Date | Description | Additions |
|---|---|---|
| 03-16 | 'Deposit | 6,000.00 |
| 03-16 | 'Deposit | 4,000.00 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 03-16 | 10,000.00 | | | | |

Thank you for banking with First Market Bank

Other Withdrawals and Service Fees continued

| Date | Amount | Description | |
|------|--------|-------------|--|
| 5/14 | 1.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 5/14 | 63.77 | PURCHASE    UKROP'S #0435       05/12<br>4828571068807    GLEN ALLEN   VA 7058V217579 | 200905121135000 |
| 5/15 | 1.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 5/15 | 26.30 | PURCHASE    TARGET      0001    05/14<br>4828571068807    GLEN ALLEN   VA 7058V250910 | 200905142059000 |
| 5/18 | 1.32 | PURCHASE    CAPITAL ONE-K13002   05/14<br>4828571068807    GLEN ALLEN   VA 7058V242352 | 200905141315000 |
| 5/18 | 7.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 5/18 | 12.00 | PURCHASE    HAIR 4 SEASON INC   05/16<br>4828571068807    RICHMOND     VA 7058V201613 | 200905161342000 |
| 5/18 | 16.50 | PURCHASE    REGAL CINEMAS SHOR   05/14<br>4828571068807    RICHMOND     VA 7058V251513 | 200905141100000 |
| 5/18 | 18.38 | PURCHASE    CHIPOTLE 0883       05/16<br>4828571068807    GLEN ALLEN   VA 7058V260300 | 200905161002000 |
| 5/18 | 19.01 | PURCHASE    JADE CHINESE RESTA   05/14<br>4828571068807    ASHLAND      VA 7058V219000 | 200905142009000 |
| 5/18 | 128.78 | PURCHASE    WAL-MART #2795      05/15<br>ASHLAND      VA 7058I466752 | 200905151039000 |
| 5/18 | 159.05 | PURCHASE    COSTCO WHSE #00205 0990  05/17<br>GLEN ALLEN   VA 7058I387962 | 200905171248040 |
| 5/18 | 8,100.00 | COUNTER WITHDRAWAL | 000006453273820 |
| 5/19 | 6.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |
| 5/19 | 8.67 | PURCHASE    7-ELEVEN 16074      05/17<br>4828571068807    GLEN ALLEN   VA 7058V207644 | 200905170900000 |
| 5/19 | 10.04 | PURCHASE    7-ELEVEN 16074      05/17<br>4828571068807    GLEN ALLEN   VA 7058V277644 | 200905170900000 |
| 5/19 | 18.80 | PURCHASE    PADOW'S HAM AND DE   05/18<br>4828571068807    GLEN ALLEN   VA 7058V220100 | 200905181258000 |
| 5/19 | 42.75 | PURCHASE    DEPARTMENT MOTOR V   05/18<br>4828571068807    RICHMOND     VA 7058V247313 | 200905181122000 |
| 5/19 | 100.00 | PURCHASE    CNS BUBBLES #3184  1308  05/18<br>RICHMOND     VA 7058I599232 | 200905181635070 |
| 5/19 | 136.43 | AUTOMATED DEBIT  ALLSTATE INS CO  INS PREM<br>CO. ID. 1360719665 090519 PPD | 420091395655892 |
| 5/20 | 4.00 | WAY2SAVE TRANSFER<br>TO 3000114008937 | 000425000100001 |

Other Withdrawals and Service Fees continued on next page.

| Date | Description | Subtractions |
|------|-------------|-------------|
| 05-20 | 'POS Purchase | 36.72 |
| | POS PURCHASE TERMINAL 10014305 MARSHALLS RICHMOND VA 05-20-09 3:10 PM | |
| 05-21 | 'POS Purchase | 254.55 |
| | POS PURCHASE TERMINAL 00000702 SOU ANN TAYLOR FAC T660 WILLIAMSB VA 05-21-09 3:58 PM | |
| 05-21 | 'POS Purchase | 108.08 |
| | POS PURCHASE TERMINAL 00000001 SOU THE CHILDRENS P330 WILLIAMSB VA 05-21-09 1:58 PM | |
| 05-21 | 'POS Purchase | 31.50 |
| | POS PURCHASE TERMINAL 15308002 OSHKOSH #0080 WILLIAMSB VA 05-21-09 1:37 PM | |
| 05-21 | 'POS Purchase | 22.47 |
| | POS PURCHASE TERMINAL 00781749 CNS COLUMBIA SPORT S130 WILLIAMSB VA 05-21-09 11:11 AM | |
| 05-21 | 'POS Purchase | 11.00 |
| | MERCHANT PURCHASE TERMINAL 442733 GRAND PRIX AUTO WA SH ASHLAND VA 05-19-09 | |
| 05-21 | 'POS Purchase | 10.00 |
| | MERCHANT PURCHASE TERMINAL 471705 REGAL CINEMAS VIRG INIA OGLEN ALLE VA05-19-09 | |
| 05-22 | 'POS Purchase | 31.49 |
| | POS PURCHASE TERMINAL 00444032 CNS NATURALIZER SH O430 WILLIAMSB VA 05-21-09 3:25 PM | |
| 05-22 | 'POS Purchase | 29.38 |
| | MERCHANT PURCHASE TERMINAL 449398 LUCY@WILLIAMSBURG OUTLT WILLIAMSB VA05-21-09 | |
| 05-22 | 'POS Purchase | 8.27 |
| | MERCHANT PURCHASE TERMINAL 442733 SONIC DRIVE IN 58 36 ASHLAND VA 05-21-09 | |
| 05-22 | 'POS Purchase | 5.97 |
| | MERCHANT PURCHASE TERMINAL 424651 SBARRO 1007 WILLIAMSB VA 05-21-09 | |

CREDITS

| Date | Description | Additions |
|------|-------------|-----------|
| 04-29 | 'Deposit | 1,353.26 |
| 05-18 | 'POS Refund | 10.49 |
| | MERCHANT REFUND TERMINAL 444500 MARSHALLS 0719 RICHMOND VA05-15-09 12:00 AM | |
| 05-19 | 'Deposit | 8,100.00 |

DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 04-22 | 7,999.50 | 04-28 | 7,864.93 | 05-01 | 9,035.30 |
| 04-27 | 7,974.25 | 04-29 | 9,098.23 | 05-04 | 7,714.94 |

## CREDITS

| Date | Description | | Additions |
|------|-------------|--|-----------|
| 07-31 | 'Deposit Adj-Credit | | 20,450.00 |
| | CREDIT OF DEPOSIT 07/20/09 | | |

## DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|------|--------|------|--------|------|--------|
| 07-22 | 8,357.03 | 08-07 | 24,022.28 | 08-18 | 9,905.06 |
| 07-27 | 8,274.93 | 08-10 | 22,657.67 | 08-19 | 9,456.62 |
| 07-30 | 7,999.93 | 08-11 | 22,552.37 | 08-20 | 9,307.85 |
| 07-31 | 28,374.93 | 08-12 | 22,487.46 | 08-21 | 7,461.86 |
| 08-03 | 27,105.48 | 08-13 | 22,307.80 | 08-24 | 6,543.57 |
| 08-04 | 24,073.72 | 08-14 | 22,287.60 | | |
| 08-06 | 24,067.34 | 08-17 | 9,960.25 | | |

Thank you for banking with First Market Bank

2

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$14,400.00** | **2007: Both Rental Real Estate** |

### 3. Payments to creditors

None ■

*Complete a. or b., as appropriate, and c.*

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) . . . . . . . . . . . . . . . . . . . | 38 | 61,492. |

**Standard Deduction for —**
* People who checked any box on line 39a, 39b, or 39c or who can be claimed as a dependent, see instructions.

* All others:

Single or Married filing separately, $5,450

Married filing jointly or Qualifying widow(er), $10,900

Head of household, $8,000

| | | | |
|---|---|---|---|
| 39a | Check if: | You were born before January 2, 1944, ☐ Blind. **Total boxes** | |
| | | Spouse was born before January 2, 1944, ☐ Blind. **checked ►** 39a ☐ | |
| b | If your spouse itemizes on a separate return, or you were a dual-status alien, see instrs and ck here ► 39b ☐ | |
| c | Check if standard deduction includes real estate taxes or disaster loss (see instructions) ► 39c ☐ | |
| 40 | **Itemized deductions** (from Schedule A) or your **standard deduction** (see left margin) . . . | 40 | 33,683. |
| 41 | Subtract line 40 from line 38 . . . . . . . . . . . . . . . . . . . . . . | 41 | 27,809. |
| 42 | If line 38 is over $119,975, or you provided housing to a Midwestern displaced individual, see instructions. Otherwise, multiply $3,500 by the total number of exemptions claimed on line 6d . . . . . | 42 | 10,500. |
| 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- . . . | 43 | 17,309. |
| 44 | **Tax** (see instrs). Check if any tax is from: **a** ☐ Form(s) 8814  **b** ☐ Form 4972 | 44 | 2,198. |
| 45 | **Alternative minimum tax** (see instructions). Attach Form 6251 . . . . . . . | 45 | |
| 46 | Add lines 44 and 45 . . . . . . . . . . . . . . . . . . . . . . ► | 46 | 2,198. |
| 47 | Foreign tax credit. Attach Form 1116 if required . . . . . | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 . . . | 48 | |
| 49 | Credit for the elderly or the disabled. Attach Schedule R . . . | 49 | |
| 50 | Education credits. Attach Form 8863 . . . . . . . | 50 | |
| 51 | Retirement savings contributions credit. Attach Form 8880 . . | 51 | |
| 52 | Child tax credit (see instructions). Attach Form 8901 if required . . | 52 | 1,650. |
| 53 | Credits from Form: **a** ☐ 8396  **b** ☐ 8839  **c** ☐ 5695 | 53 | |
| 54 | Other crs from Form: **a** ☐ 3800  **b** ☐ 8801  **c** ☐ | 54 | |
| 55 | Add lines 47 through 54. These are your **total credits** . . . . . . . . . . | 55 | 1,650. |
| 56 | Subtract line 55 from line 46. If line 55 is more than line 46, enter -0- . . . . . ► | 56 | 548. |

| | | | |
|---|---|---|---|
| **Other Taxes** | 57 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . . . | 57 | |
| | 58 | Unreported social security and Medicare tax from Form: **a** ☐ 4137  **b** ☐ 8919 . . . | 58 | |
| | 59 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required . . | 59 | |
| | 60 | Additional taxes: **a** ☐ AEIC payments  **b** ☐ Household employment taxes. Attach Schedule H . . | 60 | |
| | 61 | Add lines 56-60. This is your **total tax** . . . . . . . . . . . . . . . . ► | 61 | 548. |

**Payments**

If you have a qualifying child, attach Schedule EIC.

| | | | |
|---|---|---|---|
| 62 | Federal income tax withheld from Forms W-2 and 1099 | 62 | 9,924. |
| 63 | 2008 estimated tax payments and amount applied from 2007 return | 63 | |
| 64a | **Earned income credit (EIC)** . . . . . . . | 64a | |
| b | Nontaxable combat pay election ► 64b | | |
| 65 | Excess social security and tier 1 RRTA tax withheld (see instructions) . | 65 | |
| 66 | Additional child tax credit. Attach Form 8812 . . . . | 66 | |
| 67 | Amount paid with request for extension to file (see instructions) . . | 67 | |
| 68 | Credits from Form: **a** ☐ 2439  **b** ☐ 4136  **c** ☐ 8801  **d** ☐ 8885 | 68 | |
| 69 | First-time homebuyer credit. Attach Form 5405. . . . . . . | 69 | |
| 70 | Recovery rebate credit (see worksheet) . . . . . . . | 70 | 300. |
| 71 | Add lines 62 through 70. These are your **total payments** . . . . . . . . . . ► | 71 | 10,224. |

| | | | |
|---|---|---|---|
| **Refund** | 72 | If line 71 is more than line 61, subtract line 61 from line 71. This is the amount you **overpaid** . . | 72 | 9,676. |

Direct deposit? See instructions and fill in 73b, 73c, and 73d or Form 8888.

| | | |
|---|---|---|
| 73a | Amount of line 72 you want **refunded to you.** If Form 8888 is attached, check here ► ☐ | 73a | 9,676. |
| ► b | Routing number . . . . 056009482    ► c Type: ☒ Checking  ☐ Savings | |
| ► d | Account number  2077853076 | |
| 74 | Amount of line 72 you want **applied to your 2009 estimated tax** ► 74 | |

| | | | |
|---|---|---|---|
| **Amount You Owe** | 75 | **Amount you owe.** Subtract line 71 from line 61. For details on how to pay, see instructions . . . . . . . | 75 | |
| | 76 | Estimated tax penalty (see instructions) . . . 76 | | |

| | | |
|---|---|---|
| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see instructions)? . . ☐ **Yes. Complete the following.**  ☒ **No** | |
| | Designee's name ►   Phone no. ►   Personal identification number (PIN) | |

**Sign Here**

Joint return? See instructions.

Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation  Project Manager | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | |

| | | | |
|---|---|---|---|
| **Paid Preparer's Use Only** | Preparer's signature ► | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
| | Firm's name (or yours if self-employed), address, and ZIP code ► | Self-Prepared | EIN | |
| | | | Phone no. | |

# ORDER OF SUPPORT (CIVIL)
**Commonwealth of Virginia**

| | |
|---|---|
| This Court's Case No. .......... JA015559-01-00 | |
| DCSE ID No. ............................................ | |

[ ] **TEMPORARY ORDER**    [X] **FINAL ORDER**

HANOVER J&DR - ADULT DIVISION

[X] Juvenile and Domestic Relations District Court [ ] Circuit Court

7515 LIBRARY DR., HANOVER, VA 23069

STREET ADDRESS OF COURT

Petitioner: GREER GIBSON MILLIRON

v.

Respondent: DAVID SCOTT MILLIRON

[ ] Identifying information not provided for good cause shown
Residential Address:

8033 BECTON CIRCLE
MECHANICSVILLE VA 23116

Residential Telephone No.: 804-314-6483

Mailing Address if Different:

[ ] Identifying information not provided for good cause shown
Residential Address:

11291 CRUTCHFIELDSCOURT
GLEN ALLEN VA 23059

Residential Telephone No.: 804-932-2222

Mailing Address if Different:

Social Security No. (last 4 digits only): XXX-XX-8342
Driver's Lic. No. & State:
Date of Birth: 08/10/1972

Employer: CAPITAL ONE

Address: 15000 CAPITAL ONEDRIVE
RICHMOND VA

Telephone No.: 804-314-6483

Social Security No. (last 4 digits only): XXX-XX-6355
Driver's Lic. No. & State:
Date of Birth: 09/02/1970

Employer: US GOVERNMENT

Address:

Telephone No.:804-932-2222

[ ] This case is DISMISSED without prejudice because the Respondent could not be located for service of process.
[ ] Upon hearing the evidence, the Court finds for the Respondent and ORDERS that the case be DISMISSED.

PRESENT: [X] Petitioner    [X] Attorney/ Guardian Ad Litem for Petitioner [ ] DCSE Representative    [ ] Attorney for DCSE
[X] Respondent    [X] Attorney/ Guardian Ad Litem for Respondent [ ] Guardian Ad Litem for child(ren) [ ] Other

[X] Upon hearing the evidence, the Court finds that [X] this (these) dependents [ ] a parent of the Respondent in necessitous circumstances:

| NAME | SOC. SEC. # (last 4 digits only) | SEX | DATE OF BIRTH | RELATIONSHIP TO RESPONDENT |
|---|---|---|---|---|
| CARRIGAN B MILLIRON | | F | 02/03/2005 | CHILD |
| ETHAN H MILLIRON | | M | 07/16/2007 | CHILD |

is (are) entitled to support from the Respondent, and that the Respondent is chargeable with support as alleged in the petition.
Therefore, the Court ORDERS the Respondent to pay:

[X] $ 1,674.00 per month CURRENT CHILD SUPPORT effective .................... for all children listed above; OR
[ ] $ .................... per month CURRENT CHILD SUPPORT effective .................... divided among the above-listed
children as follows:

$ .................... for ....................      $ .................... for ....................
$ .................... for ....................      $ .................... for ....................

[ ] $.................... per month CURRENT SPOUSAL SUPPORT effective ....................
[ ] $.................... per month COMBINED CHILD-SPOUSAL (UNITARY) SUPPORT effective ....................
[X] $ 200.00 per month PAYMENT TOWARDS ARREARAGES OF $ 5,939.00 SEE PAGE 3. $200.01 STARTS 1/1/10 .
[ ] $.................... per month 2.5% of respondent's monthly gross income, where applicable.

**TOTAL** $ 1,874.00 per month payable, first payment due on the 1st day of DEC. 2009 *, and each subsequent payment
is due on the 1st day of each month thereafter. **Payments may be made in intervals of** ...................., **per** ...................., **beginning
on** ....................

DATE          PAYMENT AMOUNT          INTERVAL

All support paid shall be credited to current support first and the remainder shall be credited to arrearages.
Child support shall terminate on a child's eighteenth birthday; however, support shall continue for any child who is over the age of eighteen and (i) a full-time
high school student, (ii) not self-supporting and (iii) living in the home of the parent receiving child support, until the child reaches the age of nineteen or
graduates from high school, whichever occurs first; and if any arrearages for child support, including interest or fees, exist at the time the youngest child
emancipates, payments shall continue in the total amount due until all arrearages are paid. If the above current child support is not divided per child, the
ordered amount cannot be changed except by a court.

[ ] Continuing support for _____, a child whom the court has determined (i) is severely and permanently mentally

Name of Child

or physically disabled, (ii) is unable to live independently and support himself and (iii) resides in the home of the parent seeking support.

FORM DC-628 (PAGE ONE OF THREE) 07/09

**ARREARAGES:**

[ ] No arrearages exist as of .................

[**x**] $ ...... 5,939.00 ..... child support arrearage owed by Respondent, *as of 11/30/09.*

[ ] $ ................ spousal support arrearage owed by Respondent.

[ ] $ ................ unitary (child/spousal) support arrearage owed by Respondent.

[ ] $ ................ total **SUPPORT** arrears owed by Respondent [ ] with interest included [**x**] without interest included

    [ ] arrears include an assessment from the effective date of this order to the first payment due date.

    [ ] This total includes TANF debt or other public funds paid prior to the effective date of this order of $ ................
    for ........... months.

[ ] $ ................ arrearage owed by Respondent for 2.5% of monthly gross income (Medicaid/FAMIS).

These arrearages are calculated as of the date of this Order including support owed for the current month. This amount does not include payments made after _____ , and respondent shall be credited for any payments made thereafter. Interest shall continue to accrue on unpaid arrearages at the judgment rate unless the petitioner, in a writing submitted to the court, waives the collection of interest.

**PAYMENT:**

Payment shall be made payable to:

[ ] Petitioner at the address shown in the beginning of the Order.
    The parties shall give the court at least 30 days written notice, in advance, of any proposed change of residential and, if different, mailing address and of any change of telephone number within 30 days of the change. The Respondent is required to keep the court informed of the name, address, and telephone number of his/her current employer.

[**x**] Treasurer of Virginia and sent to Virginia Department of Social Services, Division of Child Support Enforcement, P.O. Box 570, Richmond, Virginia 23218-0570 unless otherwise instructed by that agency or this Court and shall contain the following:
    1. Check or money order made payable to the Treasurer of Virginia.
    2. Print on the check or money order:
        ▪ Your name and social security number
        ▪ Petitioner's name as shown on the first page of this order
        ▪ The DCSE ID No. shown on the first page of this order. If no such number is shown, use this Court's name and case number as shown on the front page of this order until that number is sent to you; then start using the DCSE ID No.
    The parties shall give to the Virginia Department of Social Services and the court, at least 30 days written notice, in advance, of any proposed change of residential and, if different, mailing address and of any change of telephone number within 30 days of the change. The Respondent is required to keep the Virginia Department of Social Services and the court informed of the name, address and telephone number of his/her current employer.

[**x**] The parties shall also give each other at least 30 days written notice, in advance of any change of residential and, if different, mailing address and of any change in telephone number within 30 days after the change.

**WARNING: Failure to pay in accordance with this order is a violation of this order and may be punished by a jail sentence or a fine or both. In addition, you may not receive credit for payments made contrary to the payment instructions provided in this order. Whenever income withholding is authorized, it is your responsibility to make the payment to DCSE until the income withholding becomes effective. You are responsible for keeping records of payments you make.**

**HEALTH CARE PROVISIONS:**

[ ] Respondent [**x**] Petitioner shall provide health care coverage for the [**x**] child(ren) [ ] spouse and shall deliver the document necessary for the use of such coverage by the dependents

[ ] Respondent [**x**] Petitioner shall provide dental care coverage for the [**x**] child(ren) [ ] spouse and shall deliver the document necessary for the use of such coverage by the dependents

[ ] Respondent [ ] Petitioner presently has health care coverage and is ordered to maintain it or comparable coverage.

    Health Insurance Company ................................... Policy name ...................................

    Name of Policy Holder ................................... Policy number ...................................

    In the event of any change in health insurance, the responsible party is required to notify the opposing party of the change. The responsible party shall inform the Virginia Department of Social Services, if support payments are ordered to be paid through the Virginia Department of Social Services, or the opposing party, if support payments are ordered to be paid directly to the opposing party, of any changes in the availability of the health care coverage for the minor child or children.

[ ] The Court finds that "health care coverage" as defined by the statute is not available at "reasonable cost" as defined by statute, and therefore, the Court does not order either the Respondent or the Petitioner to provide health care coverage.

[ ] Respondent shall pay 2.5% of monthly gross income to the Virginia Department of Social Services as a child covered by this order is a recipient of Medicaid or Family Access to Medical Insurance Security Plan (FAMIS) and other health care coverage is not available or accessible to either parent at a reasonable cost.

[**x**] Any reasonable and necessary unreimbursed medical and dental expenses, in excess of $250 for any calendar year, for each child covered by this order shall be paid in the following manner: ........ 48 ....% Respondent ........ 52 ....% Petitioner.

**ORDER OF SUPPORT (CIVIL)**

[ ] Respondent [ ] Petitioner is ordered to execute the appropriate tax forms or waivers to grant the other party the right to take the income tax dependency exemption for tax years ..................... for ...............................................
CHILD OR CHILDREN

for federal and state income tax purposes.

[ ] The Court finds that a license, certificate, registration or other authorization to engage in a profession, business, trade, occupation, or recreational activity issued by the Commonwealth of Virginia is held by

| TYPE OF LICENSE | AGENCY GRANTING LICENSE | LICENSE NUMBER |
|---|---|---|
| Respondent ......................... | .......................................... | ..................................... |
| Petitioner ......................... | .......................................... | ..................................... |

Upon a delinquency of a support payment for a period of 90 days or more, or in an amount of $5,000 or more, a petition may be filed for suspension of any license, certificate, registration or other authorization to engage in a profession, trade, business, occupation, or recreational activity issued by the Commonwealth. Virginia Code § 20-60.3.

[✗] Withholding from income is ordered payable through the Virginia Department of Social Services by [✗] court income deduction order or [ ] administrative order for income withholding.

[ ] Immediate withholding from income is not ordered, pursuant to a written agreement between the parties or for good cause shown.

It is further ORDERED that:

THE RESPONDENT SHALL PAY A LUMP SUM OF $1500.00 TOWARDS ARREARS NO LATER THAN 12/4/2009, AND $200.00 PER MONTH STARTING JANUARY 1, 2010.

...................................................................................................................

[✗] This Order was determined based on [✗] sole [ ] shared [ ] split custody guidelines.

[ ] A child support award of $ ........................... by application of the guidelines provided in Virginia Code § 20-108.2 would be unjust or inappropriate in this case as determined by the relevant evidence pertaining to the factors set forth in the attached supplement which is incorporated herein by reference, the ability of each party to provide child support, and the best interest of the child.

[ ] Entered in accordance with the parties' written stipulation or agreement.

[ ] The Respondent is also required to post with the Clerk a recognizance pursuant to § 20-114 of $ ........... with/without surety ..........

[ ] The Respondent shall also pay: $ ........................... reimbursement of costs to the Petitioner due ...........
$ ........................... attorneys' fees to the Petitioner's attorney due ...................

If arrearage amount equals or exceeds 3 months owed, reasonable attorneys' fees must be ordered pursuant to Virginia Code § 16.1-278.18, and may be ordered pursuant to § 20-78.2.

**NOTICE:** Support payments may be withheld as they become due from income without further amendment of this order or having to file an application for services with the Virginia Department of Social Services. Such order shall only be entered upon motion after proper notice sent by the clerk or counsel. Support payments may be withheld without further amendment of this order upon application for services with the Virginia Department of Social Services. In determining a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law. Failure to make payments when due means that interest will accrue according to Virginia Code § 6.1-330.54.

The Virginia Department of Social Services may initiate a review of the amount of support ordered by any court. If a change in circumstances, as defined in the State Board of Social Services' regulations, has occurred, the Department shall report its findings and a proposed modified order to the court which entered the order. Notice shall be served on both parties. Either party may request a hearing on the proposed modified order by filing a request with such court within 30 days of receipt of notice by the requesting party. Unless a hearing is requested with the time limits, no hearing shall be required and the modified order shall be effective 30 days after the notice is received and shall amend any prior court order. Virginia Code § 20-60.3.

In cases enforced by the Virginia Department of Social Services, the Department of Motor Vehicles may suspend or refuse to renew the driver's license of any person upon receipt of notice from the Virginia Department of Social Services that the person is delinquent in the payment of child support by 90 days or in an amount of $5,000 or more, or the person has failed to comply with a subpoena, summons, or warrant relating to paternity or child support proceedings.

If the order being reviewed by the Department deviates from the guidelines, based on one or more factors set out in Virginia Code § 20-108.1, a hearing shall be scheduled with the court which entered the order.

**THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL AMENDED OR ANNULLED BY THIS COURT OR A COURT OF COMPETENT JURISDICTION TO WHICH AN APPEAL MAY BE TAKEN.**

........ 11 /30/ 0 9 ..........
DATE

_____
JUDGE

SEEN AND AGREED AS TO NO PROVISION FOR INCOME WITHHOLDING.

PETITIONER:

RESPONDENT:
.....................................................

# CHILD SUPPORT GUIDELINE WORKSHEET

For sole custody support with no
spousal support or spousal support
calculated on a separate sheet

_____ v. _____

Chancery No. _____

Worksheet of: _____

Date: 11/30/2009

## A. GROSS INCOME OF PARTIES

|  | Mother | Father |
|---|---|---|
| 1. Monthly Gross Income of Each Party: | $5,878 | $5,352 |
| 2. Spousal Support Payable Between Parties: | | |
| 3. Adjustment for Support of "Other Children": | | |
| 4. Adjustment for Self-Employment Tax: | | |
| 5. Adjusted Gross Income for Support: | $5,878 | $5,352 |
| 6. Combined Income: | $11,230 | |
| 7. Each Party's Percent of Combined Income: | 52.3% | 47.7% |
| 8. Number of Children: 2 | Ages: | |

**Spousal Support**

**Payor Spouse**
- ● Husband
- ○ Wife

**Income Shares**

**Custodian**
- ● Mother
- ○ Father

## B. CHILD SUPPORT

| | | |
|---|---|---|
| 1. Schedule Amount for Basic Child Support: | $1,640 | **From Support Table** |
| 2. Work-related Child Care Costs: | $1,690 | |
| 3. Medical Insurance for Child/Children: | $182 | **Child Support Need** |
| 4. Total Child Support Need (Sum: 1+2+3+4): | | **$3,512** |

|  | Mother | Father |
|---|---|---|
| 5. Child Support Obligation of Each Party: | $1,838 | $1,674 |
| (Total Support Need x Income Share) | | |
| 6. Direct Payment of Medical Insurance: | | |
| 7. Each Party's Presumptive Guideline Share: | $1,838 | $1,674 |

**Guideline Child Support**

8. Guideline Child Support Payable by Non-Custodial Parent:  **$1,674**

## C. PROPOSED DEVIATIONS FROM GUIDELINE SUPPORT:

1. _____  _____ _____

   _____  _____ _____

   _____  _____ _____

| 2. Each Party's Proposed Share: | $1,838 | $1,674 |
|---|---|---|

**TOTAL CHILD SUPPORT**

## D. PROPOSED ADJUSTED CHILD SUPPORT:   **$1,674**

Child Support Payable To  Mother

Submitted by: _____

Counsel for: _____

B6I (Official Form 6I) (12/07)

In re    **Greer Gibson Milliron**                                          Case No.    **09-36849**
_____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| **Separated** | RELATIONSHIP(S): **Son** **Daughter** | AGE(S): **2** **4** | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Project Manager** | |
| Name of Employer | **Captial One** | |
| How long employed | **9 years** | |
| Address of Employer | **15000 Capital One Drive Richmond, VA 23238** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **4,974.18** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **4,974.18** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **1,145.94** | $ | **N/A** |
|    b. Insurance | $ | **496.00** | $ | **N/A** |
|    c. Union dues | $ | **0.00** | $ | **N/A** |
|    d. Other (Specify)    **See Detailed Income Attachment** | $ | **107.76** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **1,749.70** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **3,224.48** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **0.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **0.00** | $ | **N/A** |
| 13. Other monthly income (Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,224.48** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | **3,224.48** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtors expects that she will be entitled to child support for minor children as part of the on-going divorce proceedings.**

B6J (Official Form 6J) (12/07)

In re  **Greer Gibson Milliron**
_____
Debtor(s)

Case No.  **09-36849**
_____

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Trash pickup | |
| Cable/Internet | $ 20.00 |
| Cell Phones | $ 100.00 |
| | $ 80.00 |
| **Total Other Utility Expenditures** | $ 200.00 |

**Other Expenditures:**

| | |
|---|---:|
| Personal Care Items & Grooming | |
| Babysitter/Daycare | $ 70.00 |
| School Expenses | $ 1,700.00 |
| | $ 100.00 |
| **Total Other Expenditures** | $ 1,870.00 |

3

**5. Repossessions, foreclosures and returns**

None
■     List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■     a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■     b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■     List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■     List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐     List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Chandler Pecoraro, PLC** **P.O. Box 17586** **Richmond, VA 23226** | 8/2009 | **Ch 7 filing fee -- $299.00** **Attorney's fees & costs --** **$1,301.00** |

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

# PETITION FOR SUPPORT (CIVIL)

Commonwealth of Virginia    VA. CODE 16.1-241(A,    16.1-278.15, 20-88    ~ -- -- --

CASE NO. A155559-01

DCSE ID NO.: _____
(to be added if DCSE is involved in case)

## HANOVER COUNTY Juvenile and Domestic Relations District Court

| GREER G. MILLIRON | v. | DAVID S. MILLIRON |
|---|---|---|
| PETITIONER | | RESPONDENT |

| | |
|---|---|
| **8033 BECTON CIRCLE** | **11291 CRUTCHFIELDS, COURT** |
| RESIDENTIAL ADDRESS | RESIDENTIAL ADDRESS |
| **MECHANICSVILLE, VA 23116** | **GLEN ALLEN, VA 23059** |
| MAILING ADDRESS IF DIFFERENT | MAILING ADDRESS IF DIFFERENT |
| Social Security No. **\*\*\*-\*\*-8342** | Social Security No. **\*\*\*-\*\*-6355** |
| Driver's License No. and State | Driver's License No. and State |
| Telephone No. (H) **(804) 314-6483** (W) **(804) 314-6483** | Telephone No. (H) (W) **(804) 932-2222** |
| Date of Birth **08/10/1972** | Date of Birth **09/02/1970** |
| **CAPITAL ONE** | **DELEWARE MECHANICAL** |
| EMPLOYER | EMPLOYER |
| **15000 CAPITAL ONE DRIVE** | |
| EMPLOYER'S ADDRESS | EMPLOYER'S ADDRESS |
| **RICHMOND, VA** | **SANDSTON, VA** |

The petitioner's information in the above box is provided on a separate sheet because
☐ a protective order has been issued or ☐ the petitioner alleges that the petitioner is at risk of physical or emotional harm from the other party. The undersigned Petitioner respectfully represents to the Court:

1. ☐ That the parties have never been married;
   ☐ That there is a court order adjudicating the paternity of one or more of the subjects of this petition. If so, attach a copy of the order.
   ☐ That the respondent and petitioner were lawfully married on **09/07/2002** in **LAS VEGAS, VA**
             DATE                 CITY/COUNTY AND STATE
   ☒ That the respondent and petitioner were divorced on _____ in _____
       (attach divorce decree)       DATE          CITY/COUNTY AND STATE
   ☐ Divorce pending in _____
                   CITY/COUNTY AND STATE
   ☐ That the respondent is at least 18 years of age and is a child of the parent named below.
   ☐ That a child is a recipient of Medicaid or the Family Access to Medical Insurance Security Plan (FAMIS).

2. ☐ That child custody has been adjudicated. If so, attach a copy of the order.
   ☐ That an order concerning the support of the person(s) for whom support is sought in this petition has been entered. (Attach most recent court order.)
   ☒ That no other case for support for the below-named person(s) has been filed in any other court.

3. That the respondent has a legal duty to provide support and maintenance for the following persons:

| Name | Social Security Number | Date of Birth | Relationship to Respondent |
|---|---|---|---|
| CARRIGAN B. MILLIRON | | 02/03/2005 | DAUGHTER |
| ETHAN H. MILLIRON | | 07/16/2007 | DAUGHTER |

FILED
HANOVER JDR COURT
TIME: 11:15
AUG 6 2009
TESTE: K.S.

who resides at ☒ petitioner's address ☐ _____

4. Division of Child Support Enforcement ☐ is ☒ is not involved in this case.

5. That support of the named persons who are the subject(s) of this petition is a subject to controversy requiring a determination because:

_____

FORM DC-610 (MASTER, PAGE ONE OF TWO) 07/09    Page 1 of 2    ICN: 2134010    SC #: 085JAX002234080